COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Clements and McClanahan
Argued at Richmond, Virginia


CHARLES RUDOLPH JOHNSON, JR.

MEMORANDUM OPINION* BY
v.      Record No. 1736-03-2      JUDGE ROSEMARIE ANNUNZIATA
JUNE 8, 2004

CAROLYN INGRAM JOHNSON


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

Denis C. Englisby (Englisby, Englisby & Vaughn, on brief), for
appellant.

Carolyn I. Johnson, *pro se*.


Charles Rudolph Johnson, Jr. (husband) appeals from an order of the trial court denying

his motion to abate spousal support payable to Carolyn Ingram Johnson (wife). Husband

contends that the trial court erred in ruling that the evidence he presented failed to establish that

wife was cohabiting with another person in a relationship analogous to marriage for more than

one year as required by Code § 20-109(A). For the following reasons, we affirm.

I. Background

Under familiar principles, we view the evidence, and all reasonable inferences that may

be drawn, in a light most favorable to wife as the party prevailing below. Rogers v. Yourshaw,

18 Va. App. 816, 818, 448 S.E.2d 884, 885 (1994). So viewed, the evidence establishes that the

parties were married in 1967. In 1994, they divorced and wife was awarded $600 per month in

spousal support in the final decree.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Shortly after the divorce, wife began dating Kenneth Adams. Adams and wife began an intimate, sexual relationship. They continue to have sexual intercourse on occasion, albeit with less frequency than when the relationship began.

In 1994 or 1995, Adams gave wife an engagement ring and asked her to marry him. Wife accepted the ring and wore it for over a year. However, Adams and wife no longer discuss marriage and have no plans to marry in the future.

Wife moved into Adams's residence in 1996. Wife testified that Adams asked her to move in after his daughter left for college. Adams told her "I can't afford this house unless I have some help."

But for a brief one or two month period in 1999 or 2000, wife has lived continuously with Adams in his residence. During the brief separation, Adams dated someone else. However, Adams no longer dates anyone else, and neither does wife.

Only wife and her son Corey live with Adams in his four bedroom home. Each occupant has a separate bedroom. Wife does not share a bathroom or a linen closet with Adams. Although wife pays Adams $550 per month for rent, she has not always paid on time and she owes Adams back rent. Adams pays for utility services and house maintenance. Wife pays to have a newspaper delivered. Wife cleans the house on a regular basis, but she does not wash Adams's laundry or his dishes.

Adams and wife share no assets. Adams's house is titled in his name only, as are all his credit cards. Wife is not listed as a beneficiary on any of Adams's insurance policies. Adams testified that he has never considered adding wife's name to any of his assets.

Wife is a waitress at a restaurant and usually comes home from work at 5:00 p.m.; Adams returns home at 8:00 p.m. They "hardly ever" have meals together; most of the time Adams and wife fix their meals separately. Occasionally, however, Adams will eat what wife has prepared if

- 2 -

"there's enough" for him.  Sometimes, wife, Corey, and Adams eat dinner together on Sundays, which Adams prepares.

Adams has helped wife's children and grandchildren financially.  He bought the car wife's son Corey currently drives.  When asked about Adams's financial assistance, wife testified it "started out as loans."

The trial court issued a letter opinion resolving the issues on June 4, 2003.  In its letter opinion, the trial court made the following findings of fact:

> In this case, the plaintiff [wife] rents a room in the home of Kenneth Adams.  Mr. Adams stated that the plaintiff still owes back rent.  The plaintiff is not named on the deed of the house or any insurance policies owned by Mr. Adams.  In addition, Mr. Adams has dated other people while the plaintiff has rented a room in his house.  Mr. Adams and the plaintiff do not wash each other's clothes or dine together regularly.  However, Mr. Adams and the plaintiff do occasionally have sexual intercourse.

The trial court held that "the evidence presented *ore tenus* is not clear and convincing in order to substantiate that the plaintiff is cohabiting with another man analogous to marriage."  An order denying husband's motion was entered, and this appeal followed.

## II.  Analysis

Husband contends that the trial court erred because he presented clear and convincing evidence that wife has been habitually cohabiting with Adams in a relationship analogous to marriage for over one year.  We disagree and affirm the trial court's decision because it was based on credible evidence and was not plainly wrong.

This Court gives substantial deference to factual findings made by the trial court.  As the trier of fact, the trial court "evaluates the testimony and credibility of witnesses.  Thus, a finding of fact, made by a chancellor who has heard the evidence *ore tenus*, carries the weight of a jury verdict, and will not be disturbed unless plainly wrong or without evidence to support it."
Johnson v. Cauley, 262 Va. 40, 44, 546 S.E.2d 681, 684 (2001) (citations omitted).

In relevant part, Code § 20-109(A) provides:

> Upon order of the court based upon clear and convincing evidence
> that the spouse receiving support has been habitually cohabiting
> with another person in a relationship analogous to a marriage for
> one year or more commencing on or after July 1, 1997, the court
> shall terminate spousal support and maintenance.

We have held that

> the phrase, "cohabitation, analogous to a marriage," means a status
> in which a man and woman live together continuously, or with
> some permanency, *mutually assuming duties and obligations*
> *normally attendant with a marital relationship.* It involves more
> than living together for a period of time and having sexual
> relations, although those factors may be significant; it also imports
> the continuing condition of living together and carrying out the
> mutual responsibilities of the marital relationship.

Frey v. Frey, 14 Va. App. 270, 275, 416 S.E.2d 40, 43 (1992) (quotations and citations omitted)

(emphasis added).

In Pellegrin v. Pellegrin, 31 Va. App. 753, 525 S.E.2d 611 (2000), we identified four

factors relevant to determining whether one has proved his or her former spouse "has been

habitually cohabiting with another person in a relationship analogous to marriage" under Code

§ 20-109(A). The relevant factors to be considered are: (1) whether the former spouse and the

other person share a common residence; (2) whether the relationship between the former spouse

and the other person is intimate, which may or may not include sexual intimacy; (3) whether the

former spouse receives financial support from the other person; and (4) whether the "duration

and continuity of the relationship" and any other relevant factors "evidence stability and

permanency." Id. at 764-66, 525 S.E.2d at 616-17. We also noted the relevance of whether the

pair hold themselves out as a married couple. Id. at 766, 525 S.E.2d at 617 (citing State v.

Kellogg, 542 N.W.2d 514, 518 (Iowa 1996)).

"Although the enunciated factors provide discrete categories of evidence relevant to the

issue, no one factor is determinative." Id. A court's findings "must be based upon evidence

- 4 -

concerning the overall nature of the relationship, not merely a piecemeal consideration of individual factors." Penrod v. Penrod, 29 Va. App. 96, 101, 510 S.E.2d 244, 246 (1999). "Furthermore, it is within the province of the trial court to determine what weight to accord each of the factors relevant to the matter presented." Pellegrin, 31 Va. App. at 766, 525 S.E.2d at 617.

Viewing the "overall nature of the relationship," see Penrod, 29 Va. App. at 101, 510 S.E.2d at 246, and the evidence relevant to the factors established in Pellegrin in a light most favorable to wife, we cannot say that the trial court's decision was plainly wrong.

Numerous facts support the trial court's decision. Although wife lives in the same house with Adams, she does not share a bedroom, a bathroom, or linen closet with him. Wife and Adams have sexual intercourse only "occasionally." Wife receives little financial support. In fact, wife "rents a room in the home of Kenneth Adams." She pays Adams monthly rent in the amount of $550. Although she has not always paid the full amount or paid on time, the trial court determined that she "still owes back rent." Wife's name has not been added to any of Adams's financial assets, and they do not share a credit card. No evidence was presented that they share a bank account or otherwise commingle their money. See Pellegrin, 31 Va. App. at 764 n.1, 525 S.E.2d at 616 n.1. Wife works forty hours a week including weekends, a fact from which the trial court could conclude that, despite some assistance from Adams, she must financially support herself. Wife and Adams rarely have dinner together. She does not wash Adams's laundry or his dishes. Except for one instance, they have not vacationed together. Finally, no evidence established that wife and Adams "hold themselves out" as being husband and wife or being in an intimate relationship. Id. at 766, 525 S.E.2d at 617. In short, we cannot say that husband established by clear and convincing evidence that wife and Adams lived together "continuously or with some permanency, mutually assuming duties and obligations normally attendant with a marital relationship," Frey, 14 Va. App. at 275, 416 S.E.2d at 43,

unless we substitute our judgment on the weight and credibility of the evidence for that of the trial court. We cannot substitute our judgment for that of the trial court even though we may have decided the case differently. See Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

Husband had the burden to prove to the court by clear and convincing evidence that he is entitled to the abatement in spousal support he sought. See Code § 20-109(A). The trial court determined that husband did not meet his burden of proof and accordingly denied his motion to abate spousal support. That decision is supported by the evidence and is not plainly wrong. We therefore affirm.

Affirmed.

McClanahan, J., dissenting.

The majority opinion upholding the trial court's finding that Carolyn Johnson and Kenneth Adams do not cohabit in a relationship analogous to marriage defies both Virginia law and common sense. See Frey v. Frey, 14 Va. App. 270, 272, 416 S.E.2d 40, 42 (1992) ("The plain and unambiguous meaning of the phrase, 'cohabitation, analogous to a marriage' . . . is that the cohabiting parties have agreed to live together permanently or for an indefinite period and to assume duties and obligations normally attendant with a marital relationship."). The instant case is surely just what the General Assembly meant to reach when it enacted Code § 20-109(A), adding to the remarriage condition a provision that the court shall terminate spousal support when the beneficiary of a support order is shown to cohabit with another in a relationship analogous to marriage for one year or more. If cohabitation is proven, the termination of spousal support is mandatory.

As described in the majority opinion, Carolyn Johnson and Kenneth Adams were engaged to be married, are exclusive, are sexually intimate, are financially interdependent, and have lived together for more than seven years. The four factors used to determine when cohabitation has been proven – common residence, intimacy, financial entanglement, and continuity – are pellucidly and incontrovertibly indicated in the instant case. See Pellegrin v. Pellegrin, 31 Va. App. 753, 764-66, 525 S.E.2d 611, 616-17 (2000). It was plainly wrong for the trial court to find otherwise. Schweider v. Schweider, 243 Va. 245, 250, 415 S.E.2d 135, 138 (1992).

Under the majority's current reasoning, any beneficiary of a spousal support order who has either proper foresight or good legal advice can circumvent the support termination provision in Code § 20-109(A). He or she need only take such simple precautions as agree to pay rent he

or she need not in fact pay, and maintain a separate linen closet.  This cannot be the result the legislature intended.

I respectfully dissent.